1
2
3                     UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5

6    ELLA HENNING, et al.,                    Case No.  22-cv-07011-TLT
7                   Plaintiffs,
                                              **ORDER GRANTING MOTION FOR**
8         v.                                  **PRELIMINARY APPROVAL OF**
                                              **CLASS ACTION SETTLEMENT**
9    LUXURY BRAND PARTNERS, LLC,
                                              Re: Dkt. No. 59
10                  Defendant.

11          On April 9, 2024, the parties stipulated to a remote hearing scheduled for April 30, 2024.

12   ECF 61. The Court subsequently vacated oral argument and presented questions for response in

13   supplemental briefing. ECF 62.

14          Having considered the motion briefing, statement of non-opposition, the relevant law, the

15   terms of the settlement agreement and the class notice, as well as the record in this case, and based

16   on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary

17   approval of class action settlement.

18   **I.    BACKGROUND**

19          Plaintiffs filed the putative class action complaint on November 8, 2022, against defendant

20   Luxury Brand Partners LLC. ECF 1. The pleadings allege that defendants purchased "adulterated"[1]

21   IGK products containing more of the highly carcinogenic chemical benzene (2.49 ppm) than allowed

22   by U.S. Food and Drug Administration ("FDA") regulations (2 ppm). Further, if defendants had not

23   misrepresented or failed to warn of the benzene concentration, then plaintiffs would not have

24   purchased the products they deem "worthless." Plaintiffs' amended complaint alleges violations of

25   various state consumer fraud acts; false advertising under California Business and Professions Code

26

27   ―――――――――――――――
     [1] Under the Federal Food, Drug, and Cosmetics Act of 1936, a cosmetic is adulterated if it
28   "contains a poisonous substance . . . which may render it injurious to users under [customary
     usage]." 21 U.S.C. § 361(a).

United States District Court
Northern District of California

§ 17500 *et seq.* ("FAL"); unfair business practices under California Business and Professions Code § 17200 *et seq.* ("UCL"); California Consumer Legal Remedies Act, Civil Code § 1770 *et seq* ("CLRA"); Florida Deceptive and Unfair Trade Practices Act § 501.201 *et seq.* ("FDUTPA"); and unjust enrichment. The parties reached a settlement prior to class certification with the assistance of an experienced mediator Howard A. Herman. Although mediation with Herman was unsuccessful, the parties reached a settlement in principle in December 2023. Mot. Prelim. App., ECF 59, at 4.

### B.    Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $850,000 into a common settlement fund, without admitting liability.  This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, the class representative's service award.

#### 1.    Attorneys' Fees and Costs

Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to $212,500 in attorneys' fees (25% of the settlement fund) and no more than $600 in litigation costs.  The common settlement fund also includes a provision for $250,000 in settlement administration costs; and up to $2,500 each to be paid to plaintiff(s) Ella Henning and Lea Ammiano as an incentive award in exchange for a general release of all claims against defendant for a total of $5,000.00.

#### 2.    Class Relief

After deductions from the common fund for fees, costs, and service incentive awards, approximately $406,900 will remain to be distributed among the participating class members.  Class members will be reimbursed for the IGK products for which they submit proof of purchase, or without proof of purchase and attestation under oath, $4 per product for a maximum of $20. There may be a pro rata reduction in the cash payment depending on the number of claimants.  An estimate of the expected average amount of recovery per claimant is indeterminable with the information given. There are potentially tens of thousands of eligible class members, and the target audience for the media campaign is 6,914,000 individuals, not all of whom are expected to be class members given the method of notice. Decl. Proposed Class Counsel, ECF 59-1, ¶ 13, at 4; Decl. Weisbrot, ECF 59-2, ¶ 24–25, at 8.  The Agreement provides that no amount will revert to defendant. The

agreement does not provide for injunctive relief.

### 3.    Cy Pres/Remainder

The Settlement Agreement provides that when cash payments to participating class members are not deliverable or executed 180 days after provision, any remaining funds will be distributed on a pro rata basis to class members who submitted valid claims or will be paid to the *cy pres* recipient, Public Counsel.  Settlement Counsel are ordered to provide the Court with a declaration indicating that no member of either firm is on the board of Public Counsel and that there is no actual conflict or appearance of conflict between the parties and the chosen cy pres *no later than* August 2, 2024.

## II.    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A.    Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027.  The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### B. Class Definition and Basis for Conditional Certification

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> All persons in the United States, who, during the Class Period, purchased one or more of the IGK Products for personal, family, or household use and not for resale. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of [Luxury Brand Partners], or its subsidiaries and affiliated companies; (b) persons or entities who purchased the IGK Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; and (d) the Court, the Court's immediate family, and Court staff. ("the Settlement Class"). ECF 59-1.

The original complaint proposed three classes: (1) a Nationwide Class, (2) a California Class, and (3) a Multi-State Subclass, all of which are composed of persons who purchased the IGK products for personal or household use within the class period (then, undefined). Compl., ECF 1, ¶ 105–07, at 19.

The Court finds that, for purposes of settlement, plaintiffs have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes "tens of thousands" of members, making it so numerous that joinder of all members is impracticable. Decl. Proposed Class Counsel, ECF 59-1, ¶ 13, at 4.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—a failure to warn consumers of the presence of benzene above the FDA-regulated level and purchase of contaminated products—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff and members of the Settlement Class all purchased the allegedly contaminated products, making plaintiffs' claims typical of class members.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel

United States District Court
Northern District of California

have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel have demonstrated that they are experienced in class action litigation, certification, trial, particularly in matters dealing with benzene contaminated products, and therefore adequate to represent the Settlement Class as well.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here. Members of the class here will recover the full price spent on the product with proof of purchase or $4 per product for up to five products without proof of purchase and a sworn declaration.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C.    Settlement Agreement Appears Fair and Reasonable

The settlement agreement, a copy of which is attached hereto as **Exhibit A** ("Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing. ECF 59-1.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Even if plaintiff prevailed, the best-case recovery after trial was less than the amount offered in settlement, especially given the increase in attorney's fees and expenses with continued litigation, including class certification. The settlement occurred after a motion to dismiss, filing of an amended complaint, document production, investigation, and extensive negotiation through private mediation. Counsel for both parties are sophisticated and experienced. The record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3), including the Settlement and Release Agreement, attached as **Exhibit A**. ECF 59-1.

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

In lieu of oral argument, the parties submitted responses clarifying certain elements of the settlement agreement, including the attorney's fees award, litigation costs, the designated *cy pres* organization, the settlement administration fee, and Notice. Jt. Answers to Questions for the Rec., ECF 64. The Court will evaluate the Settlement Agreement fully at the hearing for final approval.

Based on the foregoing, the Court conditionally certifies the class and provisionally appoints Sarah N. Westcot, John J. Nelson, and Kristen Lake Cardoso as Class Counsel and plaintiff Ella Henning and Lea Ammiano as class representatives.

III.    **PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

A.    **Notice Plan**

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action

6

and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves the long form Notice of Proposed Class Action Settlement attached as **Exhibit B** to this Order. ECF 59-1. The Court also approves the Media Notice campaign. Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing. The forms of plan of notice are therefore **APPROVED**.

### B.    Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices. In connection therewith, the Court approves the Proof of Claim form, attached hereto as **Exhibit C**. ECF 59-1.

### C.    Settlement Administrator

Angeion Group LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than June 3, 2024 ("Notice Date"). Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

United States District Court
Northern District of California

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.    Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than September 6, 2024.  Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the class member seeking exclusion.  No later than October 18, 2024, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

### E.    Objections

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than September 6, 2024. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

### F.    Attorneys' Fees and Class Representative Awards

Plaintiffs and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than August 2, 2024.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than September 6, 2024.

Plaintiffs shall file a reply brief responding to any timely objection no later than October 18, 2024.

### G.    Fairness and Final Approval Hearing

All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than August 2, 2024.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, November 19, 2024, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than September 6, 2024.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### H.    Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

//

//

//

//

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | May 21, 2024 |
| Class Notice to be sent by | June 3, 2024 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | August 2, 2024 |
| Motion for Final Approval to be filed by | August 2, 2024 |
| Postmark deadline to submit objection or request for exclusion | September 6, 2024 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice | October 18, 2024 |
| Fairness and Final Approval Hearing | November 19, 2024<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

Dated: April 19, 2024

TRINA L. THOMPSON
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CASE NO. 3:22-cv-07011-TLT

ELLA HENNING and LEA AMMIANO,
on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

vs.

LUXURY BRAND PARTNERS, LLC,

                    Defendant.

_____ /

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement" or "Agreement"),[1] dated as of February 7, 2024, is entered into between Plaintiffs, Ella Henning and Lea Ammiano, on behalf of themselves and the Settlement Class, on the one hand, and Defendant, Luxury Brand Partners, LLC, on the other hand. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

### I.    Procedural History

1.    On October 31, 2022, Valisure submitted a Citizens Petition to the Food and Drug Administration, alleging that it tested several brands and batches of dry shampoo products and allegedly found that many contained harmful levels of the alleged carcinogen benzene, and requested governmental intervention and action.

2.    LBP was one of the businesses whose products were allegedly tested and allegedly found to contain harmful levels of benzene. As a result, LBP was named a defendant in this Action

---

[1] All capitalized terms herein shall have the same meanings as those ascribed to them in Section II below or as defined elsewhere in the Agreement.

1

arising from its alleged manufacture, distribution, and sale of allegedly contaminated dry shampoo products.  LBP at all times has denied and disputed the allegations in this Action.

3.    On November 8, 2022, Plaintiff Henning filed a Class Action Complaint in this Action against LBP in the United States District Court for the Northern District of California. *See Henning v. Luxury Brand Partners, LLC*, No. 3:22-cv-07011 (N.D. Cal.).

4.    In doing so, Plaintiff Henning asserted claims on behalf of herself and a nationwide class, a California subclass, and a consumer fraud multi-state subclass against LBP for violation of California's False Advertising Law, Business & Professions Code Section 17500, violation of California's Unfair Competition Law, Business & Professions Code Section 17200 et seq., violation of California's Consumers Legal Remedies Act, Civil Code Section 1770, unjust enrichment, and violation of state consumer fraud acts.

5.    LBP filed its Motion to Dismiss on February 1, 2023.

6.    On February 24, 2023, Plaintiff Henning and LBP filed a Joint Case Management Statement.

7.    On March 1, 2023, Plaintiff Henning filed her Opposition to LBP's Motion to Dismiss.

8.    On March 2, 2023, the Court held an initial Case Management Conference.

9.    On March 8, 2023, the Court issued a Case Management and Scheduling Order.

10.    On March 15, 2023, LBP filed a Notice of Supplemental Authority in support of its Motion to Dismiss.

11.    On March 22, 2023, LBP filed its Reply in Support of its Motion to Dismiss.

12.    On May 11, 2023, the Court issued an Order granting in part and denying in part LBP's Motion to Dismiss.

13.     On June 9, 2023, Plaintiff Henning and LBP filed a joint case management statement.

14.     On June 23, 2023, Plaintiff Henning and LBP participated in a full day mediation with this District's ADR Multi-Option Program.  In advance of the mediation, LBP provided Class Counsel with sales data and other related information.  While unsuccessful, the Parties continued to engage in settlement discussions and case discovery over the following months.

15.     On November 28, 2023, the Court issued an Order of Reference to Magistrate Judge for Settlement, referring the case to Magistrate Judge Lisa J. Cisneros.

16.     On December 20, 2023, Plaintiff Henning and LBP appeared for a telephonic pre-settlement conference with Magistrate Judge Cisneros.

17.     On January 3, 2024, Plaintiff Henning and LBP filed a Notice of Settlement and Joint Stipulation Staying Pre-Trial Deadlines.

18.     On February 8, 2024, Plaintiffs filed a First Amended Class Action Complaint.

19.     The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. LBP has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. LBP does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint (or any previous complaints filed by Class Counsel) or Valisure's October 31, 2022 Citizens Petition, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Action. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be

offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede the claims alleged in the Action lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, LBP, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.     Definitions

29.     "Action" means the lawsuit entitled *Ella Henning, et al. v. Luxury Brand Partners, LLC*, No. 3:22-cv-07011-TLT (N.D. Cal.).

30.     "Attorneys' Fees and Cost Award" means the amount of attorneys' fees and costs awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

31.     "CAFA Notice" means the Class Action Fairness notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

32.     "Cash Payment" means the cash payment out of the Settlement Fund to which Settlement Class Members who have purchased IGK Products and have submitted a Valid Claim are entitled as a benefit under this Settlement.

33.     "Claim" means the submission of a Claim Form by a Claimant.

34.     "Claim Form" means the proof of claim, substantially in the form attached hereto as **_Exhibit C_**, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator, and pursuant to which Settlement Class members may apply for a Cash Payment.

35.     "Claim Form Deadline" shall be the date of the originally scheduled Final Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class member to be eligible for a Cash Payment.

36.     "Claimant" means a Settlement Class member who submits a Claim Form.

37.     "Class Counsel" means: Kristen Lake Cardoso of Kopelowitz Ostrow P.A., Trent Kashima of Milberg Coleman Bryson Phillips Grossman, PLLC, and Sarah N. Westcot of Bursor & Fisher, P.A.

38.     "Class Period" means the period extending from the earliest date of any allowable claim pursuant to the applicable statutes of limitation with respect to the Released Claims up to and including the date of Preliminary Approval.

39.     "Class Representatives" means Ella Henning and Lea Ammiano.

40.     "Complaint" means the First Amended Class Action Complaint filed in the Action on February 8, 2024.

41.     "Court" means the United States District Court for the Northern District of California and the Judge(s) assigned to the Action.

42.     "LBP" means Defendant, Luxury Brand Partners, LLC.

43.     "Defendant" means Luxury Brand Partners, LLC.

44.     "Defendant's Counsel" or "LBP's Counsel" means Ropes & Gray LLP.

45.     "Effective Date" means 5 days after the entry of the Final Approval Order,

provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

46. "Final Approval" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

47. "Final Approval Hearing" means the hearing held before the Court during which the Court will consider granting Final Approval and to further determine the amounts of attorneys' fees and costs to be awarded to Class Counsel and the amount of Service Awards to the Class Representatives.

48. "Final Approval Order" means the order the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

49. "IGK Product(s)" means and includes all products within the scope of the claims asserted in the Complaint or Action, including all Direct Flight, Jet Lag, and First Class dry shampoo product lines manufactured, distributed, marketed, offered for sale, or sold by the Released Parties.

50. "Long Form Notice" means the long form notice of the Settlement, substantially

in the form attached hereto as ***Exhibit B***, that shall be posted on the Settlement Website and shall be available to Settlement Class members by mail on request made to the Settlement Administrator.

51.    "Motion for Attorneys' Fees, Costs, and Service Awards" means the motion that Plaintiffs and Class Counsel will file with the Court seeking attorneys' fees, costs and Service Awards. The Motion for Attorneys' Fees, Costs, and Service Awards will be filed with the Court no less than 45 days before the Final Approval Hearing.

52.    "Motion for Final Approval" means the motion that Plaintiffs and Class Counsel will file with the Court seeking Final Approval of the Settlement. The Motion for Final Approval will be filed with the Court no less than 45 days before the Final Approval Hearing.

53.    "Motion for Preliminary Approval" means the motion that Plaintiffs and Class Counsel will file with the Court seeking Preliminary Approval.

54.    "Notice" means the Long Form Notice and Publication Notice that Plaintiffs and Class Counsel will ask the Court to approve in connection with the Motion for Preliminary Approval.

55.    "Notice Program" means the methods provided for in this Agreement for giving Notice and consists of the Long Form Notice and Publication Notice.

56.    "Notice of Missing or Inaccurate Information" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted a Claim Form with inaccurate, disqualifying, incomplete, or missing information that is required for the Settlement Class member to be considered eligible for a Cash Payment.

57.    "Objection Period" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval

Hearing.

58.     "Opt-Out Period" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

59.     "Party" means each of the Plaintiffs and Defendant, and "Parties" means Plaintiffs and Defendant collectively.

60.     "Plaintiffs" means Ella Henning and Lea Ammiano.

61.     "Preliminary Approval" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

62.     "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Notice Program.

63.     "Proof of Purchase" means documentation evidencing the purchase of an IGK Product such as a store receipt.

64.     "Publication Notice" means the Notice that will be published in digital media to be agreed upon by the Parties and the Settlement Administrator.  The Publication Notice shall be substantially in the form attached as ***Exhibit A***.

65.     "Releases" means the releases and waiver of claims set forth in Section XII of this Agreement.

66.     "Released Claims" means the claims described in Section XII of this Agreement.

67.     "Released Parties" means LBP, and its present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, employees,

stockholders, heirs, agents, servants, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, manufacturers, suppliers, wholesalers, resellers, distributors, retailers, subrogees, trustees, executors, administrators, predecessors, successors and assigns, and any other person acting on LBP's behalf, in their capacity as such.  It is expressly understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

68.    "Releasing Parties" means (i) Plaintiffs and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (iii) any entities in which a Plaintiff and/or other participating Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

69.    "Service Award" means the payment the Court may award the Plaintiffs for serving as Class Representatives. The Service Award shall be paid out of the Settlement Fund.

70.    "Settlement Administrator" means Angeion Group.

71.    "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding Notice and settlement administration. All Settlement Administration Costs shall be paid out of the Settlement Fund.

72.    "Settlement Fund" shall mean the gross amount of $850,000.00 USD that shall represent Defendant's maximum financial obligation in this matter.  In no event shall the total out-of-pocket costs paid by Defendant exceed the Settlement Fund.  The following shall be subject to and capped by the gross amount of Settlement Fund: (i) all Approved Claims for Cash Payments; (ii) any Fee Award approved by the Court; (iii) any incentive awards approved by the Court; and (iv) any Settlement Administration Expenses approved by the Court.

73.    "Settlement Class" means all persons in the United States who, during the Class Period, purchased one or more of the IGK Products for personal, family, or household use and not for resale.  Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of LBP, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the IGK Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; and (d) the Court, the Court's immediate family, and Court staff.

74.    "Settlement Class Member" means any member of the Settlement Class who has not opted-out of the Settlement.

75.    "Settlement Class member" means a member of the Settlement Class.

76.    "Settlement Website" means the website the Settlement Administrator will establish as a means for Settlement Class members to submit Claim Forms and obtain Notice and information about the Settlement, including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, Claim Form, Motion for Final Approval, and Final Approval

Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for six months after Final Approval.

77.    "Valid Claim" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) accurately, fully and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Missing or Inaccurate Information for additional information may result in a determination that the Claim is not a Valid Claim.

### III.    Certification of the Settlement Class

78.    Plaintiffs shall propose and recommend to the Court that the Settlement Class be certified for Settlement purposes. LBP agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any class certification shall be null and void and, for the avoidance of doubt, LBP shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

**IV.**    <u>**Settlement Consideration**</u>

79.    **Monetary Relief**

a.    *Settlement Fund in the amount of $850,000.00* – The Settlement Fund shall be used to pay: (1) Cash Payments; (2) Service Awards; (3) attorneys' fees and costs awarded by the Court to Class Counsel; and (4) all Settlement Administration Costs.

b.    *Cash Payments*

   i.    To qualify for a Cash Payment, a Claimant must submit a Claim Form no later than the Claim Form Deadline, including Proof of Purchase, or if the Claimant does not have Proof of Purchase, the Claimant may attest under oath that he or she purchased an IGK Product(s).

   ii.    If a Claimant includes Proof of Purchase with the Claim Form, the Claimant will be entitled to a full refund of the purchase price for as many IGK Products for which Proof of Purchase is provided.

   iii.    If the Claimant does not include Proof of Purchase with the Claim Form, but attests to purchasing an IGK Product(s), the Claimant shall be entitled to $4.00 for each IGK Product purchased, for a maximum of five IGK Products, or $20.00.

c.    The amount of each Settlement Class Member's Cash Payment will be determined once all Valid Claims are approved. There may be a pro rata reduction to the amount of each Settlement Class Member's Cash Payment, depending upon the total number and total dollar value of Valid Claims.

d.    Other than the Settlement Fund, LBP shall not be required to make any other payments as part of this Settlement.

e.    Within 10 business days of the Final Approval Order, Defendant shall wire the Settlement Fund to an escrow bank account established by the Settlement Administrator and approved by the Parties.

f.    The escrow bank account in which the Settlement Fund is deposited shall at all times be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed upon Defendant with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively, "Taxes"), will be paid out of the Settlement Fund. Defendant and its counsel, and Plaintiffs and Class Counsel, will have no liability or responsibility for any of the Taxes. The Settlement Fund will indemnify and hold harmless Defendant and its counsel, and Plaintiffs and Class Counsel, for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

## V.    <u>Settlement Approval</u>

80.    Upon execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and Defendant's Counsel.

81.    The Motion for Preliminary Approval shall, among other things, request that the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable terms; (2) provisionally certify the Settlement Class for settlement

purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form submission process; (5) approve the procedures set forth herein for Settlement Class members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) stay the Action pending Final Approval of the Settlement; and (7) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and LBP's Counsel, at which the Court will conduct a further inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards.

## VI. <u>Settlement Administrator</u>

82.    The Parties agree that, subject to Court approval, Angeion Group shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

83.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments.

84.    The duties of the Settlement Administrator are as follows:

    i.    Provide CAFA Notice;

    ii.    Complete the Court-approved Notice Program by noticing the Settlement

Class by Publication Notice, sending out Long Form Notices, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Missing or Inaccurate Information, and sending Cash Payments to Settlement Class Members who submit a Valid Claim;

iii.     Establish and maintain the Settlement Fund escrow bank account approved by the Parties;

iv.     Establish and maintain a post office box for opt-out requests from the Settlement Class and to receive Claim Forms;

v.     Establish and maintain the Settlement Website;

vi.     Establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries;

vii.     Respond to any mailed Settlement Class member inquiries;

viii.     Process all opt-out requests from the Settlement Class;

ix.     Provide weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, opt-out requests received that week, the total number of opt-out requests received to date, and other pertinent information;

x.     In advance of the Final Approval Hearing, prepare a declaration to submit to the Court confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the amount of Valid Claims received, providing the

names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

xi.    Distribute, out of the Settlement Fund, Cash Payments electronically to Settlement Class Members who submit a Valid Claim for Cash Payment.

xii.    Pay Court-approved attorneys' fees and costs, and Service Awards out of the Settlement Fund;

xiii.    Pay Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel;

xiv.    Any other Settlement Administration function at the instruction of Class Counsel and Defendant's Counsel, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

85.    All costs incurred by the Settlement Administrator operating as administrator of the Settlement Fund shall be considered Settlement Administration Costs borne solely by the Settlement Fund. Any interest proceeds and/or income earned by the Settlement Fund shall remain therein and be used to pay Settlement Administration Costs.

**VII.    <u>Notice to the Settlement Class</u>**

86.    Beginning no later than 20 days following entry of the Preliminary Approval Order, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court. The Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; a date by which Settlement Class members may opt-out of the Settlement Class; a date

by which Settlement Class Members may object to the Settlement and/or to Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards; the date the Final Approval Hearing is scheduled to occur; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. The Settlement Administrator shall establish the Settlement Website no later than the day Publication Notice is first made and shall have the Court-approved online Claims Form that can be submitted directly on the Settlement Website or in a printable version that can be sent by U.S. Mail to the Settlement Administrator.

87.     The Long Form Notice also shall include a procedure for Settlement Class members to opt-out of the Settlement Class, and the Publication Notice shall direct Settlement Class members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must state the Settlement Class member's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Claim Form.

88.     The Long Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or to the Motion for Attorneys' Fees, Costs, and Service Awards, and the Publication Notice shall direct Settlement Class members to review the Long

Form Notice to obtain the objection instructions. Objections to the Settlement, and to the Motion for Attorneys' Fees, Costs, and Service Awards, must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Objection Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

89.    For an objection to be considered by the Court, the objection must also set forth:

a.    the objector's full name, mailing address, telephone number, and email address (if any);

b.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.    the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards;

e.     the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f.     any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

g.     the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

h.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

i.     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

j.     the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or LBP may conduct limited discovery on any objector or objector's counsel.

**VIII.     <u>Final Approval Order and Final Judgment</u>**

90.     Plaintiffs shall file their Motion for Final Approval no later than 45 days before the Final Approval Hearing.

91.     Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the Final Approval Hearing.

92.     At the Final Approval Hearing, the Court will hear any argument on Plaintiffs'
Motion for Final Approval and Motion for Attorneys' Fees, Costs, and Service Awards. In the
Court's discretion, the Court also will hear any argument at the Final Approval Hearing from any
Settlement Class Members (or their counsel) who object to the Settlement and/or to the Motion for
Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections
that meet all of the requirements listed in the Agreement.

93.     At or following the Final Approval Hearing, the Court will determine whether to
enter the Final Approval Order and final judgment thereon, and whether to approve the Motion for
Attorneys' Fees, Costs and Service Awards. Such proposed Final Approval Order shall, among
other things:

      a.      Determine that the Settlement is fair, adequate, and reasonable;

      b.      Finally certify the Settlement Class for settlement purposes only;

      c.      Determine that the Notice Program satisfies Due Process requirements;

      d.      Bar and enjoin all Releasing Parties from asserting any of the Released
Claims at any time and in any jurisdiction, including during any appeal from the Final
Approval Order; bar and enjoin all Releasing Parties from pursuing any Released Claims
against Released Parties at any time and in any jurisdiction, including during any appeal
from the Final Approval Order;

      e.      Release LBP and the other Released Parties from the Released Claims; and

      f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties
to this Agreement, including LBP, Plaintiffs, all Settlement Class Members, and all
objectors, to administer, supervise, construe, and enforce this Agreement in accordance
with its terms.

**IX.**    **Claim Form Process and Disbursement of Cash Payments**

94.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated in the Notice.

95.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement. Claims that have been properly and timely submitted are Valid Claims. The Settlement Administrator shall examine the Claim Form before designating the claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete and contains sufficient information to enable the mailing or electronic delivery of a Cash Payment. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

96.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate Claims.  No Settlement Class Member may submit more than one Claim Form. Settlement Class Members seeking benefits from the Settlement Fund shall submit a single Claim Form encompassing the request. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

97.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process.  The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can

instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

98.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator, and the Settlement Administrator shall advise the Claimant or Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Missing or Inaccurate Information explaining what information is missing or inaccurate and is needed to validate the Claim and have it submitted for consideration.  The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Missing or Inaccurate Information is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Missing or Inaccurate Information and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator for a Cash Payment. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless LBP's Counsel and Class Counsel

otherwise agree.

99.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.    The Claimant purchased products that are not covered by the Settlement;

b.    Failure to fully complete and/or sign the Claim Form;

c.    Illegible Claim Form;

d.    The Claim Form is fraudulent;

e.    The Claim Form is duplicative of another Claim Form;

f.    The Claimant is not a Settlement Class member;

g.    The Claimant submitted a timely and valid request to opt out of the Settlement Class.

h.    The person or entity submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

i.    Failure to submit a Claim Form by the Claim Form Deadline; and/or

j.    The Claim Form otherwise does not comply with the requirements of this Settlement.

100.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.    The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication.

b.    A request for additional information by sending a Notice of Missing or Inaccurate Information shall not be considered a rejection for purposes of this Paragraph.

c.    If a Claim is rejected for fraud or duplication, the Settlement Administrator

shall notify the Claimant using the contact information provided in the Claim Form.

d.    Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

e.    The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

101.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by

Class Counsel or Defendant's Counsel.  Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

102.    No person or entity shall have any claim against LBP, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

103.    No later than 75 days after Final Approval or 15 days after the Effective Date, whichever is later, the Settlement Administrator shall distribute the Cash Payments to Class Members.

104.    The Notice and the Settlement Website will explain to Settlement Class members that they may be entitled to a Cash Payment and how to submit a Claim Form.

**X.    Service Awards, Attorneys' Fees and Costs**

105.    *Service Awards* – In recognition of the time and effort the Class Representatives expended in pursuing this Action and in fulfilling their obligations and responsibilities as Class

Representatives, and of the relief conferred on all Settlement Class Members by the Settlement, Class Counsel shall request a Service Award for the Class Representatives in the amount not to exceed $2,500.00 each. If approved, the Service Awards shall be paid by the Settlement Administrator out of the Settlement Fund within 5 business days of the Effective Date. The Service Award payments to the Class Representatives shall be separate and apart from their entitlement to benefits from the Settlement Fund.

106.    *Attorneys' Fees and Costs* - Class Counsel shall apply to the Court for an award of attorneys' fees of up to 25 percent of the Settlement Fund, plus reimbursement of its litigation costs. If approved, the Attorneys' Fees and Cost Award shall be payable by the Settlement Administrator out of the Settlement Fund within 10 days of the Final Approval Order Date, and Class Counsel shall be responsible for providing to the Settlement Administrator all applicable payment routing information and tax I.D. numbers for Class Counsel.  Payment of the Attorneys' Fees and Cost Award shall be made by wire transfer to Bursor & Fisher, P.A. in accordance with wire instructions to be provided to the Settlement Administrator by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the final judgment is reversed or rendered void as a result of an appeal(s), then Class Counsel shall return such funds to the Settlement Fund.

107.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts other than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after the material Settlement terms, including the amount of the Settlement Fund, were negotiated.

108.    This Settlement is contingent on approval of the Settlement consideration set forth

in Section IV and the Releases set forth in Section XII of this Agreement.  If the Court denies or modifies those proposed terms, the remaining provisions of the Agreement shall be null and void.

**XI.    Disposition of Residual Funds**

109.    Any funds remaining in the Settlement Fund following the 180-day period after the Settlement Administrator's provision of Cash Payments to Settlement Class Members on account of any unexecuted or undeliverable payments shall be distributed pro rata to Settlement Class Members who submitted Valid Claims, or shall otherwise be distributed cy pres to an organization agreed to by the Parties and agreed to by the Court.

**XII.    Releases**

110.    As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the alleged adulteration or contamination of any of the IGK Products, including any alleged benzene adulteration or contamination, (b) any of the alleged violations of laws or regulations cited in the Complaint or otherwise asserted in the Action or any alleged violations of any materially similar laws or regulations, (c) any of the advertising, labeling, or marketing identified in the Complaint or otherwise asserted in the Action, including but not limited to the alleged failure to disclose the presence of benzene in the IGK Products, (d) any testing or data alleged in the Complaint or otherwise asserted in the Action, (e) any acts, omissions, or

misrepresentations that were raised or could have been raised within the scope of the facts asserted in the Complaint or Action, including any claim that was or could be asserted under California's Proposition 65, or (f) any event, matter, dispute, or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in (a), (b), (c), (d), or (e) of this paragraph.

111.    Plaintiffs and Settlement Class Members covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

112.    Settlement Class members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their claims and will not obtain any benefits under the Settlement.

113.    With respect to the Released Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge that it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and LBP with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

114.      Plaintiffs or any Settlement Class Member expressly understand and acknowledge that they may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

115.      Plaintiffs expressly represent that they do not currently have any other claims as to any IGK Products.

116.      Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

**XIII.**     **Termination of the Settlement**

117.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

   a.     Court approval of the Settlement consideration set forth in Section IV and the Releases set forth in Section XII of this Agreement;

   b.     The Court has entered the Preliminary Approval Order;

   c.     The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of approval; and

   d.     The Effective Date has occurred.

118.    If any of the conditions specified in the preceding paragraph are not met, then this Agreement shall be cancelled and terminated.

119.     In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

120.     In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to LBP by no later than five (5) business days from such termination. In the event the Court denies Final Approval or it is overturned on appeal, such

funds shall be returned to LBP within five (5) business days of the Court's denial or the decision overturning the Settlement.

## XIV.    <u>Effect of Termination</u>

121.    The grounds upon which this Agreement may be terminated are set forth herein above. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and LBP's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

122.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XV.    <u>No Admission of Liability</u>

123.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law.  LBP has denied and continues to deny each of the claims and contentions alleged in the Complaint. LBP specifically denies that a class could or should be certified in the Action for litigation purposes. LBP does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. LBP has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted

in the Action.

124.     Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class members.

125.     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

126.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, whether in the Action or in any proceeding in any court, administrative agency, or other tribunal.

127.     In addition to and without waiving any other defenses LBP may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or

other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

**XVI.** **Miscellaneous Provisions**

128. <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

129. <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

130. <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

131. <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

132. <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

133. <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

134.    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of California, without regard to the principles thereof regarding choice of law.

135.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

136.    <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

137.    <u>Notices</u>. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs:

Kristen Lake Cardoso, Esq.
Kopelowitz Ostrow P.A.
1 W. Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
cardoso@kolawyers.com

Sarah N. Westcot, Esq.
Bursor & Fisher P.A.
701 Brickell Ave., Ste. 1420
Miami, FL 33131
swestcot@bursor.com

Trent Kashima, Esq.
Milberg Coleman Bryson Phillips Grossman
402 W. Broadway, Suite 1760
San Diego, CA 92101
jnelson@milberg.com

If to Defendant:

Rocky C. Tsai, Esq.
Ropes & Gray LLP
Three Embarcadero Center, Suite 300
San Francisco, CA 94111
rocky.tsai@ropesgray.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

138.    Modification and Amendment. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and LBP's Counsel and, if the Settlement has been approved preliminarily by the Court, as approved by the Court.

139.    No Waiver. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

140.    Authority. Class Counsel (on behalf of the Plaintiffs and the Settlement Class

members), and LBP's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and LBP to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

141.    <u>Agreement Mutually Prepared</u>. Neither Plaintiffs nor LBP shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

142.    <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with the Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge that they reviewed and analyzed data for a subset of the time at issue and that they and their experts used extrapolation to make certain determinations, arguments, and settlement positions. The Parties agree that this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to fully resolve their disputes in connection with the Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional

facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

143. Receipt of Advice of Counsel. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: 02/08/2024 _____

_____
ELLA HENNING
*Plaintiff*

Dated: 02/08/2024 _____

_____
LEA AMMIANO
*Plaintiff*

Dated: 02/08/2024 _____

_____
KRISTEN LAKE CARDOSO, ESQ.
KOPELOWITZ OSTROW P.A.
*Class Counsel*

Dated: 02/08/2024 _____

_____
SARAH N. WESTCOT, ESQ.
BURSOR & FISHER
*Class Counsel*

Dated: 02/08/2024 _____

_____
TRENT KASHIMA, ESQ.
MILBERG
*Class Counsel*

Dated: _____          LUXURY BRAND PARTNERS, LLC


                                        _____
                                        By: _____
                                        ITS_____


Dated: _____          _____
                                        ROCKY C. TSAI
                                        *Counsel for Defendant*

facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

143.    <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: _____                 _____
                                                  ELLA HENNING
                                                  *Plaintiff*


Dated: _____                 _____
                                                  LEA AMMIANO
                                                  *Plaintiff*


Dated: _____                 _____
                                                  KRISTEN LAKE CARDOSO, ESQ.
                                                  KOPELOWITZ OSTROW P.A.
                                                  *Class Counsel*


Dated: _____                 _____
                                                  SARAH N. WESTCOT, ESQ.
                                                  BURSOR & FISHER
                                                  *Class Counsel*


Dated: _____                 _____
                                                  TRENT KASHIMA, ESQ.
                                                  MILBERG
                                                  *Class Counsel*


Dated: _2/8/2024 | 10:53 AM EST_                  LUXURY BRAND PARTNERS, LLC
       _____

36

DocuSigned by:

Tevya Finger

AE1285CB1F984DB...

By: Tevya Finger

ITS President

Dated: 2/8/2024

ROCKY C. TSAI
*Counsel for Defendant*

EXHIBIT B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

United States District Court for the Northern District of California
*Henning et al. v. Luxury Brand Partners, LLC,*
Case No. 3:22-cv-07011

> **IF YOU PURCHASED AN IGK DRY SHAMPOO PRODUCT MARKETED BY LUXURY BRAND PARTNERS, LLC, PRIOR TO _____, 2024, YOU MAY BE ENTITLED TO MAKE A CLAIM FOR A CASH PAYMENT UNDER A CLASS ACTION SETTLEMENT, AND YOUR LEGAL RIGHTS COULD BE AFFECTED BY THAT SETTLEMENT.**

*A federal court authorized this Notice. You are not being sued.*
*This is **not** a solicitation from a lawyer.*

- A Settlement has been reached with Defendant, Luxury Brand Partners, LLC, in a class action lawsuit about alleged benzene contamination in IGK dry shampoo products marketed by Defendant ("IGK Products").

- The lawsuit is captioned *Henning et al. v. Luxury Brand Partners, LLC,* Case No. 3:22-cv-07011, pending in the United States District Court, Northern District of California. Defendant denies the lawsuit's allegations and denies that it did anything wrong but has agreed to settle the Action to avoid the costs and distractions associated with continuing this case.

- You are included in this Settlement as a Settlement Class member if, in the United States, you purchased one or more of the IGK Products for personal, family, or household use and not for resale prior to _____, 2024.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    1

142089645_1

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive a Cash Payment from this Settlement is by submitting a valid and timely Claim Form.<br><br>You can submit your Claim Form online at _____ or download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2024** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no Cash Payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense. | **_____, 2024** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a Cash Payment. | **_____, 2024** |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a Cash Payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ..................................................................................................................... 3

WHO IS IN THE SETTLEMENT ...................................................................................................... 4

THE SETTLEMENT BENEFITS ....................................................................................................... 5

HOW TO GET A CASH PAYMENT—MAKING A CLAIM ........................................................... 5

THE LAWYERS REPRESENTING YOU ......................................................................................... 6

OPTING OUT OF THE SETTLEMENT ............................................................................................ 7

COMMENTING ON OR OBJECTING TO THE SETTLEMENT .................................................... 7

THE COURT'S FINAL APPROVAL HEARING .............................................................................. 9

IF I DO NOTHING ............................................................................................................................. 9

GETTING MORE INFORMATION .................................................................................................. 9

# BASIC INFORMATION

## 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this Action and about all of your options before the Court decides whether to grant Final Approval of the Settlement. This Notice explains the Action, your legal rights, what benefits are available, and who can receive them.

The Honorable Trina L. Thompson of the United States District Court for the Northern District of California is overseeing this Action. The Action is captioned *Henning et al. v. Luxury Brand Partners, LLC,* Case No. 3:22-cv-07011 (N.D. Cal.). The people who filed this Action are called the "Plaintiffs" and the company they sued, Luxury Brand Partners, LLC, is called the "Defendant."

## 2. What is this Action about?

This Action alleges that IGK Products allegedly contained unsafe levels of benzene. The Defendant denies the Action's allegations, and denies that it did anything wrong, but nevertheless has decided to settle the Action to avoid the costs and distractions associated with continuing this case. The Settlement, if approved, resolves the Action and provides benefits to Settlement Class Members who do not opt-out from the Settlement Class.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    3

142089645_1

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out from a settlement. In this Settlement, the Class Representatives are Ella Henning and Lea Ammiano.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or the Defendant. The Defendant denies all claims and contends that it has not violated any laws whatsoever. Plaintiffs and the Defendant agreed to a Settlement to avoid the costs and distractions associated with continuing this case, and to allow the Settlement Class Members to receive Cash Payments from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Settlement Class members.

## WHO IS IN THE SETTLEMENT?

## 5. Who is included in the Settlement?

The Settlement Class consists of all persons in the United States who, prior to [INSERT DATE OF PRELIMINARY APPROVAL], 2024, purchased one or more of the IGK Products for personal, family, or household use and not for resale.

"IGK Product(s)" means and includes the IGK Direct Flight, IGK Jet Lag, and IGK First Class dry shampoo product or products marketed by Defendant.

## 6. Are there exceptions to being included?

Yes. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Defendant, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the IGK Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; (d) persons or entities who timely and properly opt-out of the Settlement; and (e) the Court, the Court's immediate family, and Court staff.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing or writing to Settlement Administrator at:

[email address]

_____ *Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**                4

142089645_1

You may also view the Settlement Agreement and Releases at [Website URL].

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

Under the Settlement, Defendant has agreed to pay a total amount of $850,000.00 into a Settlement Fund for IGK Products, for the benefit of Settlement Class Members. Under the proposed Settlement, each Settlement Class member will have an opportunity to file a Claim for a Cash Payment. The Settlement Fund will also be used to pay Court-awarded attorneys' fees and costs to Class Counsel, Service Awards to the Class Representatives, and Settlement Administration Costs.

### 8. How much will my payment be?

If the Settlement is approved and becomes final, each Settlement Class Member who purchased an IGK Product and who files a Valid Claim will be entitled to a Cash Payment, the amount of which depends upon whether there is Proof of Purchase. If Proof of Purchase is submitted with the Claim, the Cash Payment will be for the full purchase price for as many IGK Products purchased and identified on the Claim Form. Settlement Class Members who purchased IGK Products, but do not have Proof of Purchase, shall be entitled to $4.00 for each IGK Product purchased, for a maximum of five products claimed. There may be a pro rata reduction to each Settlement Class Member's amount of their Cash Payment depending upon the total amount of dollars calculated for Valid Claims in comparison to the $850,000.00 Settlement Fund.

Each eligible Settlement Class Member's actual Cash Payment from the Net Settlement Fund may be reduced pro rata based upon the number and total dollar value of Valid Claims.

### 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement can be found at [Website URL].

## HOW TO GET A CASH PAYMENT – MAKING A CLAIM

### 10. How do I submit a Claim and get a Cash Payment?

You may file a Claim if you are a person in the United States who, prior to _____, 2024, purchased one or more of the IGK Products for personal, family, or household use and not for resale.

Claim Forms may be submitted online at [Website URL] or printed from the website and mailed to the Settlement Administrator at: _____ *Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You may also contact the Settlement Administrator to request a Claim Form by telephone 1-XXX-XXX-XXXX, by email [Email Address], or by U.S. mail at the address above.

## 11. What is the deadline for submitting a Claim?

If you submit a Claim by U.S. mail, the completed and signed Claim Form must be postmarked by [Deadline Date]. If submitting a Claim Form online, you must do so by [Deadline Date].

## 12. When will I get my Cash Payment?

The Court will hold a Final Approval Hearing on _____, 2024 to decide whether to approve the Settlement, how much attorneys' fees and costs to award to Class Counsel for representing the Settlement Class, and whether to award a Service Award to each Class Representative who brought this Action on behalf of the Settlement Class.

If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Cash Payments will be distributed as soon as possible, if and when the Court grants Final Approval of the Settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed the following attorneys at the following law firms to represent the Settlement Class: Kristen Lake Cardoso of Kopelowitz Ostrow P.A., Trent Kashima of Milberg Coleman Bryson Phillips Grossman, and Sarah N. Westcot of Bursor & Fisher P.A. Together, these attorneys are called Class Counsel.

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will the lawyers be paid?

Class Counsel will be requesting up to 25.00% of the Settlement Fund, or $212,500.00 for attorneys' fees and up to $2,500.00 for each of the Plaintiffs for serving as Class Representatives. The Court may award less than these amounts. If approved, these fees, costs, and Service Awards will be paid from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is **[Deadline Date]**.

To exclude yourself from the Settlement, you must submit a written request for exclusion that includes the following information: (i) the case name: *Henning et al. v. Luxury Brand Partners, LLC*, Case No. 3:22-cv-07011 (N.D. Cal.); (ii) your name, address, telephone number, and email address (if any); (iii) your personal signature; and (iv) a statement clearly indicating your intent to be excluded from the Settlement Class.

Your request for exclusion must be mailed to the Settlement Administrator at the address below, postmarked no later than **[Deadline Date]**.

_____Settlement
ATTN: Exclusion Request
PO Box 58220
Philadelphia, PA 19102

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a Cash Payment if you exclude yourself. You may only exclude yourself – not any other person.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

For an objection to be considered by the Court, the objection must also set forth: (a) the objector's full name, mailing address, telephone number, and email address (if any); (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Class Counsel's application for attorneys' fees, costs, and Service Awards; (e) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (f) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (g) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (h) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (i) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (j) the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant may conduct discovery on any objector or objector's counsel.

Objections must be mailed to the Clerk of the Court, Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator. The deadline to submit an objection is **[Deadline Date]**.

If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

| Clerk of Court | Class Counsel | Class Counsel |
|---|---|---|
| Clerk of Court<br>United States District Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Kristen Lake Cardoso<br>Kopelowitz Ostrow P.A.<br>1 W. Las Olas Blvd., Ste. 500<br>Fort Lauderdale, FL 33301 | Sarah N. Westcot<br>Bursor & Fisher P.A.<br>701 Brickell Ave., Ste. 1420<br>Miami, FL 33131 |

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**    8

142089645_1

| Class Counsel | Defendant's Counsel | Settlement Administrator |
|---|---|---|
| Trent Kashima<br>Milberg Coleman Bryson<br>Phillips Grossman<br>402 W. Broadway, Suite 1760<br>San Diego, CA 92101 | Rocky C. Tsai<br>Ropes & Gray LLP<br>Three Embarcadero Center, Suite 300<br>San Francisco, CA 94111 | _____ Settlement<br>ATTN: Objections<br>PO Box 58220<br>Philadelphia, PA 19102 |

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When is the Court's Final Approval Hearing?

The Court will hold a Final Approval Hearing on _____, 2024 at _____ a.m./p.m. PT, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom _____, to decide whether to approve the Settlement, how much attorneys' fees and costs to award to Class Counsel for representing the Settlement Class, and whether to award a Service Award to each Class Representative who brought this Action on behalf of the Settlement Class. If you are a Settlement Class Member, you or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice. Please check www._____ for updates.

## 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

## IF I DO NOTHING

## 21. What happens if I do nothing at all?

If you are a Settlement Class member and you do nothing, you will give up the rights explained in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties about the legal issues resolved by this Settlement. In addition, you will not receive a Cash Payment from this Settlement.

## GETTING MORE INFORMATION

| 22. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, [Website URL].

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

Email: [Email Address]

Toll-Free: 1-XXX-XXX-XXXX

Mail: _____*Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Northern District of California or by reviewing the Court's online docket.

**PLEASE DO NOT CONTACT THE COURT OR LUXURY BRAND PARTNERS, LLC**

EXHIBIT C

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by: [DEADLINE]**

</td><td>

# United States District Court
# Northern District of California

*Henning et al. v. Luxury Brand Partners, LLC.*
Case No. 3:22-cv-07011

## Claim Form

</td><td>

**Luxury Brand Partners, LLC**

</td></tr>
</table>

## CLAIM FORM INSTRUCTIONS

1. You may submit your Claim Form online at [WEBSITE URL] or by U.S. Mail to the following address: _____ *Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Please make sure to include the completed and signed Claim Form and all supporting materials in one envelope.

2. You must complete the entire Claim Form. Please type or write your responses legibly.

3. Please keep a copy of your Claim Form and any supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your Claim should be clear and legible.

4. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information. If you do not respond, the Settlement Administrator will be unable to process your claim, and you will waive your right to receive money under the Settlement.

5. If you have any questions, please contact the Settlement Administrator by email at [EMAIL ADDRESS] or by mail at the address listed above.

6. "IGK Product(s)" means and includes the IGK Direct Flight, IGK Jet Lag, and IGK First Class dry shampoo product or products marketed by Luxury Brand Partners, LLC.

7. You must notify the Settlement Administrator if your address or payment information changes. If you do not, you may not receive your Cash Payment.

8. **DEADLINE -- Your claim must be submitted online by [DEADLINE DATE]. Claim Forms submitted by mail must be mailed to the Settlement Administrator postmarked no later than [DEADLINE DATE].**

1

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by: [DEADLINE]**

</td><td>

**United States District Court**
**Northern District of California**

*Henning et al. v. Luxury Brand Partners, LLC.*
Case No. 3:22-cv-07011

**Claim Form**

</td><td>

**Luxury Brand Partners, LLC**

</td></tr>
</table>

## I. NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

**Email Address**

## II. IGK PRODUCT PURCHASE INFORMATION

*Complete this section if you purchased one or more **IGK** products in the United States prior to _____.*

Select **one** of the following options:

☐ **I am enclosing Proof of Purchase of one or more IGK Products.**

Please provide the amount paid for the IGK Products for which you are providing Proof of Purchase: [          ]

☐ **I do not have Proof of Purchase but attest to having purchased one or more IGK Products.**

Enter the number of IGK Products you attest to having purchased (maximum of 5): [          ]

Note: Cash Payments may be decreased on a *pro rata* basis depending on the total amount of dollars calculated for Valid Claims in comparison to the $850,000.00 Settlement Fund.

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by: [DEADLINE]**

</td><td>

**United States District Court**
**Northern District of California**

*Henning et al. v. Luxury Brand Partners, LLC.*
Case No. 3:22-cv-07011

**Claim Form**

</td><td>

**Luxury Brand Partners, LLC**

</td></tr>
</table>

Please select **<u>one</u>** of the following Cash Payment options:

☐ **Prepaid Mastercard** *(Requires an email address)*

☐ **Venmo** *(Requires the mobile number associated with your Venmo account)*

☐ **Zelle** *(Requires the email address or mobile number associated with your Zelle account)*

Enter the email address or mobile number required for the payment option you selected: _____

---

### III. VERIFICATION AND ATTESTATION UNDER PENALTY OF PERJURY

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that all the information provided in this Claim Form, including supporting documentation, is true and correct, and that nobody has submitted another Claim Form in connection with this Settlement on my behalf.

I understand that by signing and submitting this Claim Form, the Settlement Administrator may request additional information to validate my Claim Form, and that failure to provide requested information may result in the denial of my Claim Form.

_____          Date: _____
Your signature                                                              MM          DD          YYYY

_____
Your name