1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA HENNING and LEA AMMIANO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LUXURY BRAND PARTNERS, LLC,<br><br>Defendant. | Case No. 3:22-cv-07011-TLT<br><br>**[PROPOSED] FINAL APPROVAL ORDER**<br><br>Judge: Hon. Trina L. Thompson |

WHEREAS, the Parties[1] have entered into the Settlement and Release Agreement, signed on February 8, 2024, and filed with this Court on February 9, 2024, to settle *Henning, et al. v Luxury Brand Partners, LLC*, Case No. 3:22-cv-07011-TLT, pending in the United States District Court for the Northern District of California.

WHEREAS, by Preliminary Approval Order, dated April 23, 2024, this Court granted Preliminary Approval of the proposed class action Settlement between the Parties in the Action, ordering the dissemination of Notice to Settlement Class members, providing Settlement Class members with an opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement, and issuing related orders.

WHEREAS, the Court also preliminarily certified a Settlement Class, for settlement purposes only, approved the procedure for giving Notice and forms of Notice, and set a Final Approval Hearing to take place on November 19, 2024.

WHEREAS, on August 2, 2024, Plaintiffs filed their Motion for Final Approval of Class Action Settlement, seeking Final Approval of the Settlement in this Action. Also, on August 2, 2024, Plaintiffs filed their Motion for Attorneys' Fees, Expenses, and Service Awards, requesting Class Counsel's Attorneys' Fees and Costs Award and Service Awards for Plaintiffs as the Class Representatives. In support of the motions, Plaintiffs filed a Joint Declaration of Class Counsel, and a Declaration of the Settlement Administrator, Steven Weisbrot of Angeion Group, to enable the Court to evaluate the fairness, adequacy, and reasonableness of the Settlement and the reasonableness of the requested attorneys' fees, costs, and Service Awards.

WHEREAS, following Notice to the Settlement Class of the Settlement and of Class Counsel's intention to seek an Attorneys' Fees and Costs Award and Service Awards, no Settlement Class Members have opted-out or objected.

WHEREAS, on November 19, 2024, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and

---

[1] Except where otherwise noted, the capitalized terms herein shall have the same meanings as those defined in the Settlement and Release Agreement (ECF No. 65, Ex. A).

adequate; (2) whether a judgment should be entered dismissing Plaintiffs' complaint on the merits and with prejudice in favor of Defendant and the Released Parties and against all persons who are Settlement Class members pursuant and subject to the terms of the Agreement; (3) whether and in what amount to award Service Awards to Plaintiffs; and (4) whether and in what amount to award the Attorneys' Fees and Costs Award to Plaintiffs' Counsel.

WHEREAS, the Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. <u>Incorporation of Other Documents</u>.  This Final Approval Order incorporates and makes a part hereof: (a) the Agreement, including all exhibits thereto, and definitions included therein, which was signed on February 8, 2024, and filed with this Court on February 9, 2024; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement and Plaintiffs and Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards; (c) the record at the Final Approval Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.

2. <u>Jurisdiction</u>.  The Court has personal jurisdiction over the Parties, and because due, adequate, and practicable Notice has been disseminated and all Settlement Class members have been given the opportunity to exclude themselves from or object to this Settlement, the Court has personal jurisdiction over all Settlement Class members.  The Court has subject matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed Settlement and the Agreement and all exhibits attached thereto, grant final certification of the Settlement Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, dismiss the Action on the merits and with prejudice, and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3.  Final Certification of the Settlement Class for Settlement Purposes Only. The Settlement Class preliminarily certified by this Court is hereby finally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a) and 23(b)(3), the Court finding that the Settlement Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process. The Settlement Class shall consist of:

> All persons in the United States who, during the Class Period, purchased one or more of the IGK Products for personal, family, or household use and not for resale. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of LBP, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the IGK Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; and (d) the Court, the Court's immediate family, and Court staff.

4.  Requests for Exclusion.  The Court finds that only those persons listed in Exhibit A to this Order have submitted timely and valid request to opt-out of the Settlement Class and are therefore not bound by this Final Approval Order and the accompanying Final Judgment. Plaintiffs' Counsel and Defense Counsel may mutually agree to allow additional Settlement Class members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

5.  Adequacy of Representation.  The Court designates Plaintiffs as Class Representatives and finds that Plaintiffs have adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.  The Court appoints the law firms of Bursor & Fisher, P.A., Kopelowitz Ostrow P.A., and Milberg Coleman Bryson Phillips Grossman, PLLC, as Class Counsel.  For purposes of these settlement approval proceedings only, the Court finds that Bursor & Fisher, P.A., Kopelowitz Ostrow P.A., and Milberg Coleman Bryson Phillips Grossman, PLLC are experienced and adequate Class Counsel.  Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

6.  Class Notice.  The Court finds that the dissemination of the Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the

Settlement Administrator's Declaration filed before the Final Approval Hearing, a copy of which is incorporated herein and made a part hereof:

      a.    constituted the best practicable notice to Settlement Class members under the circumstances of the Action;

      b.    constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of (i) the pendency of this Action; (ii) the terms of the Settlement; (iii) their rights under the Settlement; (iv) their right to exclude themselves from the Settlement Class and the Settlement; (v) their right to object to any aspect of the Settlement (including, but not limited to, final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Class's representation by Plaintiffs or Class Counsel, and/or the requested Attorneys' Fees and Costs Award and Services Awards); (vi) their right to appear at the Final Approval Hearing—either on their own or through counsel hired at their own expense—if they did not exclude themselves from the Settlement Class; and (vii) the binding effect of the orders and Final Judgment in this Action, whether favorable or unfavorable, on all persons who did not request exclusion from the Settlement Class;

      c.    constituted notice that was reasonable, due, adequate, and sufficient to inform all persons and entities entitled to be provided with notice; and

      d.    constituted notice that fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, and that complied with the Federal Judicial Center's illustrative class action notices.

7.    <u>CAFA Notice</u>. The Court finds that Defendant (through the Settlement Administrator) provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite 90 day time period (pursuant to the Class Action Fairness

Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to the Settlement before entering its orders and Final Judgment, and no such objections or comments were received.

8. <u>Final Approval of the Settlement</u>. The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, CAFA, the United States Constitution (including the Due Process Clause), and any other applicable law.

The Court finds that the Agreement is fair, adequate, and reasonable based on the following factors, among other things:

a. There was no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months. This included a mediation before Howard A. Herman of JAMS San Francisco on June 23, 2023. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

b. The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where Plaintiffs' Counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of

investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the Settlement.

       c.      The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the Settlement, also favors Final Approval. *See Class Plaintiffs*, 955 F.2d at 1291; *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856, at *7 (C.D. Cal. July 21, 2008); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

       d.      The Settlement provides meaningful relief to the Settlement Class, including cash relief, and certainly falls within the range of possible recoveries by the Class. The Settlement is approved [and all objections to the Settlement are overruled as without merit]. The Parties and Settlement Class members are hereby directed to implement and consummate the Agreement in accordance with its terms and provisions. Class Counsel shall take all steps necessary and appropriate to provide Settlement Class Members with the benefits to which they are entitled under the terms of the Agreement.

9.      <u>Settlement Consideration</u>. As described in the Agreement, Defendant's maximum financial commitment under the Settlement shall be $850,000.00. This amount shall include any Court-ordered Attorneys' Fees and Costs Award, Plaintiffs' Service Awards, any and all Settlement Administration Costs, and the monetary value of all Cash Payments paid to Settlement Class Members. The Settlement Fund shall be administered and implemented by Angeion Group as Settlement Administrator under the terms set forth in the Agreement.

10.     <u>Binding Effect</u>. The terms of the Agreement and of this Final Approval Order and the accompanying Final Judgment shall be forever binding on the Parties and all Settlement Class members who have not opted-out of the Settlement, as well as their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in interest, and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the

extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release set forth in the Agreement.

11.     <u>Release</u>.  The following Release, which is also set forth in Section XII of the Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Approval Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release:

    a. As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the alleged adulteration or contamination of any of the IGK Products, including any alleged benzene adulteration or contamination, (b) any of the alleged violations of laws or regulations cited in the Complaint or otherwise asserted in the Action or any alleged violations of any materially similar laws or regulations, (c) any of the advertising, labeling, or marketing identified in the Complaint or otherwise asserted in the Action, including but not limited to the alleged failure to disclose the presence of benzene in the IGK Products, (d) any testing or data alleged in the Complaint or otherwise asserted in the Action, (e) any acts, omissions, or misrepresentations that were raised or could have been raised within the scope of the facts asserted in the Complaint or Action, including any claim that was or could be asserted under California's Proposition 65, or (f) any event, matter,

dispute, or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in (a), (b), (c), (d), or (e) of this paragraph.

b. Plaintiffs and Settlement Class Members covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

c. Settlement Class members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their claims and will not obtain any benefits under the Settlement.

d. With respect to the Released Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge that it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and LBP with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

    e. Plaintiffs or any Settlement Class Member expressly understand and acknowledge that they may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

    f. Plaintiffs expressly represent that they do not currently have any other claims as to any IGK Products.

12. Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties,

whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

13. <u>Permanent Injunction</u>.  All Settlement Class Members and/or their representatives are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing or receiving any benefits from, as class members or otherwise, any lawsuit (including putative class actions), arbitration, administrative, regulatory or other proceeding in any jurisdiction that is covered by the Release. All Settlement Class Members and all persons in active concert or participation with Settlement Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Settlement Class Members who did not timely exclude themselves from the Settlement Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by the Release.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.  However, Settlement Class Members do not waive their right to contact, in any way or for any purpose, any state or federal agency regarding the activities of any Party, nor do they waive any right to enjoy any benefits obtained by a state or federal agency.

14. <u>Enforcement of Settlement</u>.  Nothing in this Final Approval Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Final Approval Order or in the accompanying Final Judgment preclude Plaintiffs or other Settlement Class members from participating in the Claims process described in the Agreement if they are entitled to do so under the terms of the Agreement.

15. <u>Attorneys' Fees, Costs, and Service Awards</u>.

    a. <u>Attorneys' Fees.</u>  Because the Settlement involves a non-reversionary common fund that provides an easily quantifiable benefit to the Settlement Class, the Court finds the percentage of the fund method appropriate for assessing attorneys' fees.  *See Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb.

11, 2016) ("[b]ecause this case involves a common settlement fund with an easily quantifiable benefit to the Class, the Court will primarily determine attorneys' fees using the percentage method"); *see also Barnes v. The Equinox Grp., Inc.*, No. C 10-3586-LB, 2013 WL 3988804, at *3 (N.D. Cal. Aug. 2, 2013) ("the percentage-of-the-fund method is appropriate where—as here—the amount of the settlement is fixed without any reversionary payment to the defendant."). The Ninth Circuit has established 25% as a benchmark for attorneys' fee awards, and "in most common fund cases, the award exceeds that benchmark." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008).

The Ninth Circuit has identified several factors a court should consider to determine whether to award or adjust a fee award from the benchmark: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Here, although Class Counsel request benchmark fees of 25%, the Court finds that, based on the foregoing *Vizcaino* factors, Class Counsel's request for attorneys' fees in the amount of $215,500.00 as a percentage of the Settlement Fund is granted as being both reasonable and appropriate. Further, the Court finds that a lodestar cross-check confirms the reasonableness of Class Counsel's requested attorneys' fee. Based on Class Counsel's collective hours spent, and their reasonable and customary hourly rates, they have a combined lodestar of $295,928.40 through July 25, 2024. Thus, the requested attorneys' fee of $212,500.00 is approximately 72% of the lodestar, resulting in a negative multiplier. Therefore, Class Counsel is hereby awarded $212,500.00 in attorneys' fees, which is equal to 25% of the Settlement Fund. The attorneys' fees shall be paid from the Settlement Fund, consistent with the terms of the Agreement.

b.  Costs.  The Court further finds that Class Counsel reasonably and necessarily incurred and paid certain actual out-of-pocket costs in the amount of $582.25

in connection with the prosecution of the Action and Settlement. Thus, Class Counsel is hereby awarded $582.25 in costs, which shall be paid from the Settlement Fund, consistent with the terms of the Agreement.

      c.    Service Awards. The Court finds that Class Counsel's request for Service Awards is appropriate, and the amount requested is reasonable. Therefore, Class Representatives shall each be paid a Service Award in the amount of $2,500.00 (for a total of $5,000.00) from the Settlement Fund, consistent with the terms of the Agreement.

16.    Modification of Settlement Agreement. The Parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Agreement and its implementing documents (including all exhibits) without further notice to the Class or approval by the Court if such changes are consistent with this Final Approval Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Agreement.

17.    Retention of Jurisdiction. The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation (*see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994)):

      a.    enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Approval Order, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Settlement Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Approval Order and the accompanying Final Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendant);

b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order, the accompanying Final Judgment, and the Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendant), or dismissing all claims on the merits and with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this Settlement; and

c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Agreement.

18. <u>No Admissions</u>. Neither this Final Approval Order, the accompanying Final Judgment, nor the Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Approval Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against Defendant or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever or the propriety of class certification. Defendant continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Approval Order and the accompanying Final Judgment and the Agreement; provided, however, that this Final Approval Order, the accompanying Final Judgment, and the Agreement may be filed in any action by or against Defendant or Released Parties to support a defense of res judicata or collateral estoppel.

19. <u>Dismissal of Action</u>.  The Action (including all individual and class claims presented therein) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Final Approval Order, the accompanying Final Judgment, and the Agreement.

20. <u>Occurrence of Terminating Conditions</u>.  In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Approval Order, the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

DATED: _____          _____
                                   Hon. Trina L. Thompson
                                   United States District Judge