1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA HENNING, et al., | Case No. 22-cv-07011-TLT |
| Plaintiffs, | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |
| v. | |
| LUXURY BRAND PARTNERS, LLC, | |
| Defendant. | Re: Dkt. Nos. 66, 67 |

12

13

14

15

16

17

On April 23, 2024, the Court granted a motion for preliminary approval of the Class Action Settlement between Plaintiffs Ella Henning and Lea Ammiano (collectively, "Plaintiffs") and Defendant Luxury Brand, LLC ("Defendant"). ECF 65. As directed by the Court's preliminary approval order, Plaintiffs, and the class members, filed their unopposed motion for final settlement approval on August 2, 2024. ECF 66. Thereafter, on August 2, 2024, Plaintiffs filed their unopposed motion for attorneys' fees, expenses, and service awards. ECF 67.

18

19

20

On October 18, 2024, Ryan Williams, a Project Manager at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"), submitted declaration indicating that there were no requests for exclusion and no objections to the Settlement. ECF 70.

21

22

23

24

25

26

27

The Court finds this matter appropriate for resolution without oral argument. *See* L. R. 7(1)(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute). Having considered the motion briefing, the terms of the Settlement Agreement, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval. The Court finds the settlement fair, adequate, and reasonable. The provisional appointments of the class representatives and class counsel are confirmed.

28

United States District Court
Northern District of California

1      The Motion for Attorneys' Fees, Expenses, and Service Awards is **GRANTED**. The Court

2   **ORDERS** that the class counsel shall be paid $212,500.00 (25% of the Settlement Fund) in

3   attorney's fees and $582.25 in litigation costs, the class administrator shall be paid $225,000.00, and

4   the named Plaintiffs Ella Henning and Lea Ammiano shall each be paid $2,500.00 in service awards.

5   **I.      BACKGROUND**

6          **A.      Procedural History**

7          On November 8, 2022, Plaintiff Ella Henning, individually and on behalf of all others

8   similarly situated, filed a class action complaint against Defendant. ECF 1. Defendant filed a motion

9   to dismiss which the Court granted-in-part and denied-in-part. ECF 17, 37. On June 9, 2023,

10  Defendant filed an answer to the complaint. ECF 42. After several months of settlement discussions

11  with mediator Howard Herman and Magistrate Judge Lisa J. Cisneros, the parties filed their notice

12  of settlement on January 3, 2024. ECF 55.

13         On February 8, 2024, Plaintiffs filed a First Amended Complaint ("FAC") adding Plaintiff

14  Ammiano as a Class Representative, re-alleging a nationwide class, and adding a proposed Florida

15  subclass. ECF 58. The amended complaint alleged the following causes of action: (1) state consumer

16  fraud acts; (2) false advertising law, Bus. & Prof. Code, § 17500; (3) Unfair Competition Law, Bus.

17  & Prof. Code, § 17200; (4) Consumer Legal Remedies Act, Civ. Code, § 1770; (5) Florida Deceptive

18  and Unfair Trade Practices Act, § 501.201, et seq.; and (6) in the alternative, Unjust Enrichment.

19  *See id.* ¶¶ 119-190. Plaintiffs filed their motion for preliminary approval of class action settlement.

20  ECF 59. The parties reached a settlement prior to class certification with the assistance of an

21  experienced mediator Howard Herman. The Settlement Agreement defines the class as:

22              All persons in the United States, who, during the Class Period,
                purchased one or more of the IGK Products for personal, family, or
23              household use and not for resale. Excluded from the Settlement Class
                are (a) all persons who are employees, directors, officers, and agents
24              of [Luxury Brand Partners], or its subsidiaries and affiliated
                companies; (b) persons or entities who purchased the IGK Products
25              primarily for the purposes of resale to consumers or other resellers;
                (c) governmental entities; and (d) the Court, the Court's immediate
26              family, and Court staff. ("the Settlement Class"). ECF 59-1.

27         On April 23, 2024, the Court granted the motion for preliminary approval. ECF 65.

28  Subsequently, Plaintiffs filed their unopposed motion for final settlement approval on August 2,

United States District Court
Northern District of California

United States District Court
Northern District of California

1    2024. ECF 66. Thereafter, on August 2, 2024, Plaintiffs filed their unopposed motion for attorney's

2    fees, expenses, and service awards. ECF 67.

3          **B.**     **Terms of the Settlement Agreement**

4            **1. Attorneys' Fees and Costs**

5         Under the terms of the Settlement Agreement, defendant will pay $850,000 into a common

6    settlement fund, without admitting liability. This amount includes attorneys' fees and costs, the cost

7    of class notice and settlement administration, and the class representatives' service awards.

8            **2. Class Relief**

9         After deductions from the common fund for fees, costs, and service incentive awards,

10   approximately $406,917.75 will remain to be distributed among the participating class members.

11   Class members will be reimbursed for the IGK products for which they submit proof of purchase,

12   or without proof of purchase and attestation under oath, $4 per product for a maximum of $20. There

13   are potentially tens of thousands of eligible class members, and the target audience for the media

14   campaign is 6,914,000 individuals, not all of whom are expected to be class members given the

15   method of notice. Decl. Proposed Class Counsel, ECF 59-1, ¶ 13, at 4; Decl. Weisbrot, ECF 59-2,

16   ¶¶ 24–25, at 8. The Agreement provides that no amount will revert to defendant. The Agreement

17   does not provide for injunctive relief.

18           **3. Cy Pres/Remainder**

19        The Settlement Agreement provides that when cash payments to participating class members

20   are not deliverable or executed 180 days after provision, any remaining funds will be distributed on

21   a pro rata basis to class members who submitted valid claims or will be paid to the *cy pres* recipient,

22   Public Counsel. Settlement Counsel provided the Court with a declaration indicating that no member

23   of either firm is on the board of Public Counsel and that there is no actual conflict or appearance of

24   conflict between the parties and the chosen cy pres. *See* ECF 66-2.

25         **C.**     **Class Notice and Claims Administration**

26        The Settlement Agreement is being administered by Angeion. Following the Court's

27   preliminary approval and conditional certification of the settlement, on June 3, 2024, Angeion

28   commenced the media notice portion of the Notice Program comprised of programmatic display

1    advertising, social media advertising via Facebook, Instagram, and X, and a paid search campaign via

2    Google. The media notice delivered an approximate 75.01 percent reach with an average frequency of

3    6.86 times, by serving a total of 34,660,130 impressions.

4         The Class Administrator also established a settlement website (the "Settlement Website") at

5    www.IGKDryShampooSettlement.com, including the settlement notices, the procedures for class

6    members to submit claims or exclude themselves, a contact information page that includes address

7    and telephone numbers for the claim administrator and the parties, the Settlement Agreement, the

8    signed order of preliminary approval, claim form, and opt-out form.  In addition, the motion for final

9    approval and the application for attorneys' fees, costs, and incentive awards were uploaded to the

10   website after they were filed. Through October 17, 2024, the Settlement Website has had 133,598

11   unique visitors and 215,216 page views. The Class Administrator also operated a toll-free number for

12   class member inquiries. Through October 17, 2024, the toll-free telephone line has received 39

13   inbound calls and 9 voicemail transcriptions.

14        Class members were given until September 6, 2024, to object to or exclude themselves from

15   the Settlement Agreement. Angeion has neither received nor been made aware of any objections or

16   requests for exclusion to the Settlement.

17        The deadline for Settlement Class members to submit a Claim Form is November 19, 2024.

18   As of October 17, 2024, Angeion has received a total of 89,733 Claim Form submissions (89,469

19   online submissions and 264 submissions by mail).

20   **II.    FINAL APPROVAL OF SETTLEMENT**

21        **A.    Legal Standard**

22        A court may approve a proposed class action settlement of a certified class only "after a hearing

23   and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class

24   certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need not address

25   whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of

26   collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v. Chrysler*

27   *Corp.*, 150 F.3d at 1027.  The *Hanlon* court identified the following factors relevant to assessing a

28   settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely

United States District Court
Northern District of California

4

1   duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the

2   amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding;

3   (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the

4   reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill*

5   *Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

6   Settlements that occur before formal class certification also "require a higher standard of

7   fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such

8   settlements, in addition to considering the above factors, a court also must ensure that "the settlement

9   is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab.*

10  *Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

11      **B.    Analysis**

12          **1.   The Settlement Class Meets the Prerequisites for Certification**

13  As the Court found in its order granting preliminary approval and conditional certification

14  of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of

15  certification of the Settlement Class. ECF 65.

16          **2.   Adequacy of Notice**

17  A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class

18  members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified

19  of a proposed settlement in a manner that does not systematically leave any group without notice."

20  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice

21  requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise

22  the Class members of the proposed settlement and of their right to object or to exclude themselves as

23  provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient

24  notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process

25  and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S.

26  797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to

27  apprise interested parties of the pendency of the action and afford them an opportunity to present their

28  objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Court found the parties' proposed notice procedures provided the best notice practicable

2    and reasonably calculated to apprise Class members of the settlement and their rights to object or

3    exclude themselves.  ECF 65. Pursuant to those procedures, the Class Administrator commenced the

4    media notice portion of the Notice Program comprised of programmatic display advertising, social

5    media advertising via Facebook, Instagram, and X, and a paid search campaign via Google. The Class

6    Administrator also established a settlement website and operated a toll-free number. The Class

7    Administrator reports that the media notice delivered an approximate 75.01 percent reach with an

8    average frequency of 6.86 times, by serving a total of 34,660,130 impressions.

9    Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate

10   notice.

11   **3.  The Settlement is Fair and Reasonable**

12   As the Court previously found in its order granting preliminary approval, the *Hanlon* factors

13   indicate the settlement here is fair and reasonable and treats class members equitably relative to one

14   another. ECF 65.

15   The reaction of the class was overwhelmingly positive. The Court received 0 objections and

16   0 opt-outs as of the September 6, 2024 deadline.  "[T]he absence of a large number of objections to

17   a proposed class action settlement raises a strong presumption that the terms of a proposed class

18   settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d

19   1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding

20   that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of

21   90,000 class members was proper).

22   In its preliminary approval order, the Court approved the proposed plan of allocation.  ECF

23   65. That plan is: Class members will be reimbursed for the IGK products for which they submit

24   proof of purchase, or without proof of purchase and attestation under oath, $4 per product for a

25   maximum of $20. The Court finds the plan of allocation to be fair and reasonable and to treat class

26   members equitably and therefore approves that plan of allocation.

27   **4.  Objections**

28   There were no objections filed to the Settlement or any portions thereof. ECF 70.

United States District Court
Northern District of California

1

### 5. Other Findings

2      On February 16, 2024, pursuant to 28 U.S.C. § 1715, on behalf of the Defendant, Angeion

3  sent notice regarding the Settlement to be sent to the Attorneys General of all states and territories,

4  as well as the Attorney General of the United States ("CAFA Notice"). ECF 66-1, Exhibit A. Notice

5  occurred more than 90 days before the date of this order, as required by 28 U.S.C. § 1715(d).

6

### 6. Certification Is Granted and the Settlement is Approved

7      After reviewing all the required factors, the Court finds the Settlement Agreement to be fair,

8  reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper.

9  The following persons are excluded from the Settlement Class: (a) all persons who are employees,

10  directors, officers, and agents of Luxury Brand Partners, or its subsidiaries and affiliated companies;

11  (b) persons or entities who purchased the IGK Products primarily for the purposes of resale to

12  consumers or other resellers; (c) governmental entities; and (d) the Court, the Court's immediate

13  family, and Court staff. ECF 59-1. No persons filed request for exclusion from the Settlement Class.

14      Additionally, the *cy pres* recipient, Public Counsel, is **APPROVED**.

15  **III.  MOTION FOR ATTORNEY'S FEES, EXPENSES, AND SERVICE AWARDS**

16  **A.  Attorney's Fees**

17      Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of

18  Civil Procedure 23(h).  Such fees must be found "fair, reasonable, and adequate" in order to be

19  approved.  Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  To "avoid

20  abdicating its responsibility to review the agreement for the protection of the class, a district court

21  must carefully assess the reasonableness of a fee amount spelled out in a class action settlement

22  agreement." *Id.* at 963.  "[T]he members of the class retain an interest in assuring that the fees to be

23  paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that

24  the class has obtained less monetary or injunctive relief than they might otherwise.  *Id.* at 964.

25      Class counsel requests an attorneys' fee award of $212,500.00.  Based on the detailed time

26  records submitted by counsel, the attorneys' fees sought amount to approximately 69% of its

27  lodestar.  Defendants do not oppose the fee request.

28

1   The Court analyzes an attorneys' fee request based on either the "lodestar" method or a

2 percentage of the total settlement fund made available to the class, including costs, fees, and

3 injunctive relief. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth

4 Circuit encourages courts to use another method as a cross-check to avoid a "mechanical or

5 formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45

6 (citing *Vizcaino,* 290 F.3d at 1050–51.)

7   Under the lodestar approach, a court multiplies the number of hours reasonably expended

8 by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court

9 calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by

10 a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the

11 relevant community.'"). Under the percentage-of-the-fund method, courts in the Ninth Circuit

12 "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing

13 adequate explanation in the record of any 'special circumstances' justifying a departure." *In re*

14 *Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301,

15 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be

16 "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six*

17 *(6) Mexican Workers*, 904 F.2d at 1311. When using the percentage-of-recovery method, courts

18 consider a number of factors, including whether class counsel " 'achieved exceptional results for

19 the class,' whether the case was risky for class counsel, whether counsel's performance 'generated

20 benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some

21 circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration,

22 foregoing other work), and whether the case was handled on a contingency basis." *In re Online*

23 *DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at

24 1047-50. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree

25 of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

26   Using the percentage of recovery method, the Court finds the attorneys' fees sought to be

27 reasonable. The Court has also considered a cross-check using the lodestar method. As of August 1,

28 2024, the lodestar figure is 514.20 hours at $595.94 per hour for a total of $306,433.40. Plaintiffs

United States District Court
Northern District of California

United States District Court
Northern District of California

1   claim hourly rates that are commensurate with their experience and with the legal market in this

2   district.

3          Applying the percentage of recovery method, the parties determined the total settlement

4   value to be $850,000. The attorneys' fees requested would come to 25% of this total. This amount

5   is equal to the 25% benchmark in the Ninth Circuit. On November 8, 2022, Plaintiff filed a class

6   action complaint. ECF 1. Plaintiff defended against a motion to dismiss which the Court granted-

7   in-part and denied-in-part. ECF 17, 37. After several months of settlement discussions, the parties

8   filed their notice of settlement on January 3, 2024. ECF 55. Thereafter, all efforts were focused on

9   the details of the settlement. On February 8, 2024, Plaintiffs filed a FAC adding Plaintiff Ammiano

10  as a Class Representative, re-alleging a nationwide class, and adding a proposed Florida subclass.

11  ECF 58. The Plaintiff filed a Motion for Settlement and Preliminary Approval on February 9, 2024.

12  ECF 59. Given the history of this action, the Court finds that the requested attorneys' fees of 25%

13  of the total settlement value is reasonable.

14         Based on the foregoing, the Court **GRANTS** an award of attorneys' fees to the amount of

15  $212,500.00.

16         **B.    Expenses Award**

17         Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R.

18  Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may

19  recover reasonable expenses that would typically be billed to paying clients in non-contingency

20  matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law

21  or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for

22  litigation expenses, and provides records documenting those expenses, in the amount of $582.25.

23  The Court finds this amount reasonable, fair, and adequate.

24         **C.    Service Award**

25         The district court must evaluate named plaintiff's requested award using relevant factors

26  including "the actions the plaintiff has taken to protect the interests of the class, the degree to which

27  the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff

28  expended in pursuing the litigation." *Staton*, 327 F.3d at 977. "Such awards are discretionary . . .

1    and are intended to compensate class representatives for work done on behalf of the class, to make

2    up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize

3    their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d

4    948, 958-959 (9th Cir. 2009). The Ninth Circuit has emphasized that district courts must

5    "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class

6    representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013).

7            Here, Plaintiffs requests incentive awards of $2,500 each. The Court finds the incentive

8    awards to be appropriate. Plaintiff came forward to represent the interests of others. Plaintiffs have

9    devoted substantial time to the litigation of their claims against Defendants. They provided

10   information to Class Counsel, reviewed pleadings, and reviewed and approved the Settlement.

11   Plaintiffs were willing to sit for a deposition and to perform duties as the Court may have required

12   if the Action continued. Because the laws are not self-enforcing, it is appropriate to give incentives

13   to those who come forward with little to gain and at personal risk and who work to achieve a

14   settlement that confers substantial benefits on others. Thus, the Court approves the requested

15   incentive award payment for Plaintiffs Ella Henning and Lea Ammiano.

16   **IV.    CONCLUSION**

17           Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**.

18   The motion for attorneys' fees, costs, and service awards is **GRANTED**. Amounts are fair and

19   reasonable. Settlement was reached with the assistance of mediator Howard Herman and Magistrate

20   Judge Lisa J. Cisneros. Class Counsel is awarded **$212,500.00** in attorneys' fees and **$582.25** in

21   litigation costs. Angeion Group, LLC is awarded **$225,000.00** in settlement administration costs.

22   Plaintiffs Ella Henning and Lea Ammiano are granted incentive awards of **$2,500.00** each.

23           Without affecting the finality of this order in any way, the Court retains jurisdiction of all

24   matters relating to the interpretation, administration, implementation, effectuation and enforcement of

25   this order and the Settlement.

26           **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is

27   **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval

28   of Class Action Settlement filed on February 8, 2024 (ECF 59), and this order. This document will

United States District Court
Northern District of California

United States District Court
Northern District of California

1  constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule

2  58, Federal Rules of Civil Procedure.

3         The hearing scheduled for November 19, 2024 is hereby **VACATED**.

4         The proposed order is hereby adopted, except as modified herein. ECF 69.

5         The parties shall file a post-distribution accounting in accordance with this District's

6  Procedural Guidance for Class Action Settlements no later than **April 17, 2025**, at 3:00 p.m. via video

7  conference.

8         The Court **SETS** a compliance deadline on **July 17, 2025,** on the Court's 2:00 p.m. calendar

9  via video conference to verify timely filing of the post-distribution accounting.

10        This Order resolves ECF 66 and 67.

11        **IT IS SO ORDERED.**

12  Dated: November 13, 2024

13                                         _____
                                           TRINA L. THOMPSON
14                                         United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28